IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB SLIPAK, </br></br>    Plaintiff, </br></br>    v. </br></br> BANK OF AMERICA, N.A.; </br> RECONTRUST COMPANY, N.A.; and </br> DOES 1 through 100, inclusive, </br></br>    Defendants. | 2:11-cv-01971-GEB-JFM </br></br></br></br> ORDER |

     Defendants filed a motion challenging the sufficiency of the claims in Plaintiff's First Amended Complaint. However, review of the First Amended Complaint reveals that the federal question, which was the basis of removal of this case from state court, is no longer pled, and only state claims now remain in this case. Under the circumstances, the Court may <u>sua sponte</u> decide whether to continue exercising supplemental jurisdiction over Plaintiff's state claims.

     28 U.S.C. § 1367(c)(3) prescribes that a district court "may decline to exercise supplemental jurisdiction over a [state] claim" if "all claims over which it has original jurisdiction" have been dismissed. The "discretion [whether] to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), [and] is informed by the . . . values of economy, convenience, fairness and comity" as delineated by the Supreme

1

Court in United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

Judicial economy does not favor continuing to exercise supplemental jurisdiction. See Otto v. Heckler, 802 F.2d 337, 338 (9th Cir. 1986) ("[T]he district court, of course, has the discretion to determine whether its investment of judicial energy justifies retention of jurisdiction or if it should more properly dismiss the claims without prejudice.") (citation omitted). Nor do the comity and fairness factors weigh in favor of exercising supplemental jurisdiction since "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Gibbs, 383 U.S. at 726. Therefore, this action is remanded to the Superior Court of California in the County of Placer, from which this case was removed.

Dated:   December 21, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge