1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                   FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8   JACOB SLIPAK,                    )
                                     )     2:11-cv-01971-GEB-JFM
9              Plaintiff,            )
                                     )
10        v.                         )     ORDER
                                     )
11  BANK OF AMERICA, N.A.;           )
    RECONTRUST COMPANY, N.A.; and    )
12  DOES 1 through 100, inclusive,   )
                                     )
13             Defendants.           )
    _____ )

14

15        Defendants filed a motion challenging the sufficiency of the

16  claims in Plaintiff's First Amended Complaint. However, review of the

17  First Amended Complaint reveals that the federal question, which was the

18  basis of removal of this case from state court, is no longer pled, and

19  only state claims now remain in this case. Under the circumstances, the

20  Court may <u>sua</u> <u>sponte</u> decide whether to continue exercising supplemental

21  jurisdiction over Plaintiff's state claims.

22        28 U.S.C. § 1367(c)(3) prescribes that a district court "may

23  decline to exercise supplemental jurisdiction over a [state] claim" if

24  "all claims over which it has original jurisdiction" have been

25  dismissed. The "discretion [whether] to decline to exercise supplemental

26  jurisdiction over state law claims is triggered by the presence of one

27  of the conditions in § 1367(c), [and] is informed by the . . . values of

28  economy, convenience, fairness and comity" as delineated by the Supreme

1  Court in United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

2  Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en

3  banc).

4          Judicial economy does not favor continuing to exercise

5  supplemental jurisdiction. See Otto v. Heckler, 802 F.2d 337, 338 (9th

6  Cir. 1986) ("[T]he district court, of course, has the discretion to

7  determine whether its investment of judicial energy justifies retention

8  of jurisdiction or if it should more properly dismiss the claims without

9  prejudice.") (citation omitted). Nor do the comity and fairness factors

10  weigh in favor of exercising supplemental jurisdiction since "[n]eedless

11  decisions of state law should be avoided both as a matter of comity and

12  to promote justice between the parties, by procuring for them a

13  surer-footed reading of applicable law." Gibbs, 383 U.S. at 726.

14  Therefore, this action is remanded to the Superior Court of California

15  in the County of Placer, from which this case was removed.

16  Dated:  December 21, 2011

17

18  _____
    GARLAND E. BURRELL, JR.
19  United States District Judge

20

21

22

23

24

25

26

27

28